# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 06-671V

**Filed: November 26, 2014**

| | |
|---|---|
| * * * * * * * * * * * * * * | UNPUBLISHED |
| MELISSA ATWOOD, personal | * |
| representative of the Estate of AIDEN | * Special Master Hamilton-Fieldman |
| DRAKOSE EXAVIER FOLLETT, | * |
| | * |
| Petitioner, | * |
| | * Joint Stipulation on Damages; |
| v. | * Diptheria, Tetanus, Pertussis |
| | * ("DTaP) Vaccine; Haemophilus |
| SECRETARY OF HEALTH | * Influenzae Type B ("HiB") Vaccine; |
| AND HUMAN SERVICES, | * Pneumococcal Conjugate Vaccine; |
| | * Polio Vaccine; Death. |
| Respondent. | * |
| * * * * * * * * * * * * * * | |

<u>Robert T. Moxley</u>, Robert T. Moxley, P.C., Cheyenne, WY, for Petitioner.
<u>Michael Milmoe</u>, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION[1]

On September 25, 2006, Melissa and Paul Follett[2] filed a petition on behalf their deceased son, Aiden Follett, pursuant to the National Vaccine Injury Compensation Program.[3]

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] Although Melissa and Paul Follett were initially named as Petitioners, this case's caption was later amended to reflect Melissa Atwood as the sole Petitioner on behalf of her son, Aiden Follett. <u>See</u> Order dated March 13, 2014.

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended,

42 U.S.C. §§ 300aa-1 to -34 (2006).  Petitioners alleged that Aiden died as a result of the administration of diphtheria, tetanus, pertussis ("DTaP"), Haemophilus Influenzae Type B ("HiB"), Pneumococcal conjugate, and Polio vaccines on September 24, 2004.

On November 25, 2014, the parties filed a stipulation in which they state that a decision should be entered awarding compensation.

Respondent denies that Aiden suffered any injury as a result of the multiple vaccinations he received on September 24, 2004, and denies that any vaccine was either a cause or a contributing factor in his death.  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

**A lump sum of $67,500.00, in the form of a check payable to Petitioner.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

Stipulation ¶ 8.

The undersigned approves the requested amount for Petitioner's compensation.  Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[4]

**IT IS SO ORDERED.**

s/ Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

MELISSA ATWOOD, personal )
representative of the Estate of )
AIDEN DRAKOSE EXAVIER )
FOLLETT, )
                    )
          Petitioner, )     No. 06-671V
                    )     Special Master Hamilton-Fieldman
   v. )     ECF
SECRETARY OF HEALTH )
AND HUMAN SERVICES, )
                    )
         Respondent. )

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their deceased son, Aiden Drakose Exavier Follett ("Aiden"), petitioners Melissa and Paul Follett, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program").[1] The petition seeks compensation for Aiden's injury and death allegedly related to Aiden's receipt of one or more vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. On September 24, 2004, Aiden received the following vaccinations: DTaP, HiB, IPV, and pneumococcal conjugate.

3. The vaccines were administered within the United States.

---

[1] On March 12, 2014, Aiden's mother, Melissa Atwood (nee Follett), filed Letters of Authority from the Probate Court of Kent County, Michigan demonstrating that she had been appointed as the personal representative of the Estate of Aiden Drakose Exavier Follett. Based on this evidence, on March 13, 2014, the special master issued an order modifying the caption of the case to reflect Melissa Atwood as the sole petitioner.

4. Petitioner alleges that Aiden's vaccinations caused a reaction that either caused or significantly contributed to his death on September 28, 2004.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Aiden as a result of any vaccine injury, or his death.

6. Respondent denies that Aiden suffered any injury as a result of the multiple vaccinations he received on September 24, 2004, and denies that any vaccine was either a cause or a contributing factor in his death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $67,500.00 in the form of a check payable to petitioner, representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.  Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11.  Petitioner represents that she is, or within 90 days of the judgment will become, duly authorized to serve as the legal representative of the Estate of Aiden Drakose Exavier Follett under the laws of the State of Michigan. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as legal representative of Aiden Drakose Exavier Follett's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the estate of Aiden Drakose Exavier Follett at the time payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the estate of Aiden Drakose Exavier Follett upon submission of written documentation of such appointment to the Secretary.

12.  In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and as legal representative of the Estate of Aiden Drakose Exavier Follett, and on behalf of his heirs, executors, administrators, successors, and assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Aiden resulting

from, or alleged to have resulted from, the multiple vaccinations administered on or about September 24, 2004, as alleged by petitioner in a petition for vaccine compensation filed on or about September 25, 2006, in the United States Court of Federal Claims as petition No. 06-671V.

. 13. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

14. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

15. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that any of the vaccines Aiden received caused him to suffer any injury, or caused his death.

16. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns, as administrators of Aiden's estate.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

MELISSA ATWOOD

**ATTORNEY OF RECORD FOR
PETITIONER:**

ROBERT T. MOXLEY, ESQUIRE
Robert T. Moxley, P.C.
2718 O'Neil Avenue
Cheyenne, WY 82003
(307) 632-1112

**AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:**

A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Acting Director, Division of Vaccine
Injury Compensation (DVIC)
Acting Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Stop 11C-26
Rockville, MD 20857

DATE: November 25, 2014

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

**ATTORNEY OF RECORD FOR
RESPONDENT:**

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4125