# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 06-671V
**Filed: July 16, 2015**

| | |
|---|---|
| * * * * * * * * * * * * * * * | UNPUBLISHED |
| MELISSA ATWOOD, personal representative of the Estate of AIDEN DRAKOSE EXAVIER FOLLETT, | Special Master Hamilton-Fieldman |
| Petitioner, | Attorneys' Fees and Costs; Reasonable Amount Requested to which Respondent Does Not Object. |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |
| * * * * * * * * * * * * * * * | |

Robert T. Moxley, Robert T. Moxley, P.C., Cheyenne, WY, for Petitioner.
Michael Milmoe, United States Department of Justice, Washington, D.C., for Respondent.

### DECISION[1]

On September 25, 2006, Melissa and Paul Follett[2] filed a petition on behalf their deceased son, Aiden Follett, pursuant to the National Vaccine Injury Compensation Program.[3]

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] Although Melissa and Paul Follett were initially named as Petitioners, this case's caption was later amended to reflect Melissa Atwood as the sole Petitioner on behalf of her son, Aiden Follett. See Order dated March 13, 2014.

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended,

1

42 U.S.C. §§ 300aa-1 to -34 (2006). The Folletts alleged that Aiden died as a result of the administration of diphtheria, tetanus, pertussis ("DTaP"), Haemophilus Influenzae Type B ("HiB"), Pneumococcal conjugate, and Polio vaccines on September 24, 2004. On November 26, 2014, the undersigned issued a decision awarding compensation to Melissa Atwood ("Petitioner").

On July 15, 2015, Respondent filed a Stipulation of Facts Concerning Attorneys' Fees and Costs. Pursuant to their Stipulation, the parties have agreed to an award of $31,142.00 in attorneys' fees and costs. In accordance with General Order Number 9, Petitioner represents that she has not incurred any costs in pursuit of her claim.

The undersigned finds that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1). Further, the proposed amount seems reasonable and appropriate. **Accordingly, the undersigned hereby awards the amount of $31,142.00, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Robert T. Moxley.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[4]

**IT IS SO ORDERED.**

/s/ Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.